IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| **JIM BEATON,** | ) | Cause No. CV-08-25-M-RFC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| **FIRST NATIONAL BANK OF,** | ) | U.S. MAGISTRATE JUDGE |
| **MONTANA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 8, 2009, United States Magistrate Jeremiah C. Lynch entered Findings and Recommendation (*Doc. 56*) with respect Defendant First National Bank of Montana's ("FNB") motion for summary judgment (*Doc. 20*). Magistrate Judge Lynch recommends the motion be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Beaton filed objections on June 26, 2009. *Doc. 59*. At FNB's request, the Court granted it leave to respond to Beaton's objections with the benefit of the transcript of the oral argument held on the motion. *Doc. 62*. The transcript was subsequently filed and FNB addressed Beaton's objections on August 26, 2009. *Doc. 64*. Beaton filed a

1

reply brief on August 31, 2009.  *Doc. 65*.  Although this Court does not normally consider reply briefs filed with respect to Findings and Recommendations, an exception is in order because  Beaton's reply brief withdraws one of its three prior objections and because Beaton should be afforded an opportunity to respond with the benefit of the oral argument transcript.

Beaton' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).  For the following reasons, Beaton's objections are overruled.

Beaton's retaliation causes of action allege he was fired because of statements he made to the federal Office of the Comptroller of the Currency ("OCC") concerning the business relationship between FNB and Montana Business Capital ("MBC").  Beaton believed this relationship was improper and had made this belief known since the commencement of his employment with FNB. Magistrate Judge Lynch concluded that while Beaton a had sufficiently stated prima facie case of 12 U.S.C. § 1831j retaliation, the claim was precluded because he deliberately participated in the alleged illegal activity by processing loans brokered by MBC.  *See* 12 U.S.C. § 1831j(d)(1) (section 1831j whistleblower protection does not apply to anyone who "deliberately causes or participates in the alleged

2

violation of law or regulation").

Beaton's first objection is as follows:

> The magistrate judge erred as a matter of law when he adopted a legal interpretation of 12 U.S.C. §1831j(d)(1) that would deny that statute's protection to each and every one of Defendant's employees, and the magistrate compounded that legal error when he improperly resolved disputed issues of material fact concerning Mr. Beaton's alleged "participation" in Defendant's favor.

Beaton continues to argue that he objected to FNB's relationship with MBC from the beginning of his employment with FNB and that he only worked on the MBC loans because his superiors directed him to do so.

In any event, there are no genuine issues of material fact concerning the § 1831j claim, nor would Magistrate Judge Lynch's interpretation of § 1831j(d)(1) deny whistleblower protection to each and every one of FNB's employees. The language of the statute is plain–those who deliberately participate in the alleged violation of the law are not protected. The undisputed evidence is that Beaton believed MBC's relationship with FNB was improper, but never refused work on loans brokered by MBC. As such, he deliberately participated in the allegedly unlawful loans and § 1831j relief is unavailable to him. Beaton's first objection is overruled.

Beaton's second objection is that:

The magistrate judge erred as a matter of law when he interpreted the Montana Wrongful Discharge from Employment Act as *impliedly* containing the same "participation" defense Congress *expressly* provided for 12 U.S.C. § 1831j.

In granting FNB's motion for summary judgment on the Montana WDEA retaliation claim, Magistrate Judge Lynch relied on what he believed was a concession made by Beaton at oral argument. *Doc. 56, p. 30.* Specifically, Magistrate Judge Lynch noted that both parties agreed at oral argument that if Beaton's § 1831j claim failed as a matter of law, his WDEA retaliation claim would likewise fail.

The parties now dispute whether Beaton actually conceded that the Montana law whistleblower claim would fail if the federal whistleblower claim failed, but as the Court reads the exchange, it is clear that Beaton conceded as much: "I do not believe he continue –can continue with his Montana state law whistleblower claim– ... if he has not prevailed on his federal 1831(j) claim." *Doc. 63, Transcr. 29:6 - 12.* Further, near the end of the oral argument, counsel for FNB reiterated that Beaton had conceded that the state law whistleblower claim would fail if the federal one did. *Doc. 63, Transcr. 61:3 - 7.* At the conclusion of the oral argument, Magistrate Judge Lynch expressly afforded Beaton an opportunity to respond, but

4

he declined.  *Doc. 63, Transcr. 63:18 - 22.*

Finally, Beaton appears to have abandoned his Montana law whistleblower claim during the briefing on FNB's motion.  FNB devoted six pages to arguing why, pursuant to Montana law, it should be granted summary judgment on the WDEA whistleblower claim, *Doc. 21, pp. 22 - 28,* yet Beaton failed to address these arguments in his response brief (*Doc. 38*).  The transcript of the oral argument is similarly lacking any response from Beaton as to these arguments.

Accordingly, Magistrate Judge Lynch's Findings and Recommendations (*Doc. 56*), being well-grounded in law and fact, are adopted in their entirety.  **IT IS HEREBY ORDERED** that FNB's Motion for Summary Judgment (*Doc. 20*) is **GRANTED**.

The Clerk of Court shall notify the parties of the entry of this Order and enter judgment, by separate document, in favor of Defendant and against Plaintiff.

DATED this 15th day of September 2009.

>    */s/ Richard F. Cebull*_____
>    RICHARD F. CEBULL
>    UNITED STATES DISTRICT JUDGE

5